CARMEN LUZ GÓMEZ, ETC., Plaintiff and Appellee, *v.* JOSÉ DÍAZ LÓPEZ, Defendant and Appellant.

No. 10426.   Argued May 9, 1951.—Decided June 29, 1951.

*Estrella García Capella* for appellant.   *Manuel Torres Reyes* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Defendant appeals from a judgment in which he was ordered to pay to his daughter Carmen Luz Gómez, had from carnal relations with Amelia Gómez Rivera, the sum of $5 a week for support and $20 attorney's fees.

Seven errors are alleged in his brief. In the first, fourth and seventh, defendant attacks the weighing of the evidence and the findings of fact of the trial judge; in the fifth and sixth he alleges that the court acted under passion, prejudice and partiality; in the second that it erred in denying him the opportunity to bring oral evidence, and in the third, in refusing to order the summon of a municipal judge to impeach the credibility of plaintiff's mother.

We do not consider it necessary to enter into a detailed analysis of the evidence in order to decide this case. We have carefully examined said evidence as it appears from the record before us and we are not convinced that the lower court committed manifest error in its weighing. Therefore we dismiss the corresponding assignments of error.

In considering the fifth and sixth assignments, we have carefully followed the prosecution of the case in the lower court, according to the record, in order to substantiate the contention that the trial judge acted with passion, prejudice or partiality. In our judgment, it is unjustified. A judicial proceeding is not a static or inert thing. It is a dynamic force which compels a human being—the judge— to penetrate into complex problems of life in order to transform them into judicial realities. A judicial proceeding cannot be separated from the human nature of the person presiding it. And since there are no inexorable or inflexible standards for measuring human condition, it is possible that a judge who faces a social problem such as the support of a child a few months old, and for whom its mother claims—from the one she holds responsible of its paternity— the necessities which may enable her child to lead a normal

life like any creature of God, cannot escape the emotions caused by such tragedies of life and which are rooted in the heart of every man. Whatever remark he utters is only a reflection of his troubled soul. That is why, in our judgment, it is not an index of passion, prejudice or partiality, when in considering an untimely motion—at the end of the trial—to summon the municipal judge who acquitted the presumptive father in a criminal action for abandonment of that same minor—in order to impeach the credibility of the mother—the judge who sat in the case and who heard the testimony of the witnesses should deny the motion and in answer to a remark from defendant's attorney states the following: "Look here, colleague, no one better than a woman knows who is the father of her child."

This is how the incident took place:

"Defendant: Your Honor, we have no other evidence here. This is an important case for defendant. It is a case where a man has denied the paternity of a child. This is a special case. In the municipal court the mother of the girl testified to one thing and here she has testified to another. The case was tried in the municipal court on different evidence.

"The Court: What took place in the municipal court does not lead me to any conclusion.

"Defendant: But we have the right to prove that this woman is lying; and then Your Honor would have to arrive at a different conclusion; we should be permitted to call the municipal judge.

"The Court: I have not arrived at any decision yet because the court does not know if Your Honor has closed her case. Is the municipal judge here?

"Defendant: No, Your Honor, he is not here. But we can bring him some other day. I said that I had no other evidence here.

"The Court: Overruled. Your Honor knew the case was to be heard today and also knew that all the evidence had to be here. Your Honor brought the secretary and could also have brought the judge.

"Defendant: I could not guess that she (the plaintiff) was going to testify in such manner.

"The Court: Overruled, overruled; Your Honor brought the secretary of the municipal court and could have brought the judge too. The court is not going to discuss with the attorney. The court says 'overruled.' Another question.

"Defendant: The need to call the judge of the municipal court arises from the evidence of plaintiff; I wish Your Honor to bear in mind that this case involves a social problem. The law tends to avoid the social problem of a man who refuses to support his child, but this problem cannot be avoided or remedied by creating another problem, such as to make a man responsible for a child which is not his, and to burden him for many years with the responsibility of another's child.

"The Court: Look here, colleague, no one better than a woman knows who is the father of her child.

"Defendant: Precisely because Your Honor considers it such a serious fault that a man should not support his child and he is so strict with men who so behave, the court should be very careful in these cases and give a man every opportunity to defend himself, so that the judge may at peace with his conscience feel that he is fully convinced that said man is the father of the child. I have heard Your Honor sentence parents who do not support their children and warn them that they are sent to jail for an indefinite time until they support their children; I have heard Your Honor tell them that they have the key of their prison; because this matter may mean jail to this man for the rest of his life, it should not be decided in haste; since we have waited so many days, what are a few days more?

"The Court: Overruled. Any other question?

"Defendant: If defendant is thus bound and tied and he can not defend himself.

"The Court: No, my colleague, because Your Honor is a woman does not mean that you can address the court improperly. And you have done it twice; and I acted as if I had not heard you; a little while ago you threatened the court with an appeal.

"Defendant: That is no threat, but a statutory remedy. Exception."

The significance of the judge's words cannot be construed independently from the momentum and the circumstances that led to their utterance. The following are realities which we cannot overlook: that plaintiff's evidence is suffi-

cient to support the judgment; that the alleged inconsistency in the testimony of the witness had no bearing on any fact of importance regarding the paternity of the child, nor with her sexual relations with defendant, and that said words do not denote a biased state of mind, but rather an outburst of human emotion from a conscientious spirit in search of a solution of this social tragedy which day after day knocks at the doors of justice, and ends in a dry court dispute.

██ The second and third errors were not committed either. The trial was set for October 28, 1949. The first hearing was held on the 11th of said month, at which the parties appeared through their attorneys. Defendant's counsel did not have in court on that day—nor had she summoned them—two witnesses whose testimony was to the effect that the mother of the minor plaintiff had had sexual relations with other men, for which reason she prayed for the continuance of the trial, on the ground that "we had faith in our question of law and we did not come prepared to introduce evidence. We have two witnesses whom we took to the municipal court but we did not summon them because we expected to submit the case on the question of law raised." [1]

Indeed, the granting or refusal of a continuance of a case rests in the sound discretion of the court. In the present case, the action was brought on September 23, 1949 and the first hearing was held on the following 11th of October and the trial was set for the 28th of the same month. There was no ground for requesting a continuance except that defendant's attorney had not come prepared to introduce evi-

---

[1] The questions of law raised in the answer and argued on the day of the trial are (1) that the complaint did not state facts sufficient to constitute a cause of action because it was not alleged therein that plaintiff was one of the children who was entitled to receive support, and because it was not alleged that defendant would have acknowledged the presumptive daughter and (2) the plea of res judicata, because defendant was acquitted in a criminal action for abandonment of minors, regarding the same minor complainant.

dence because she had faith in the question of law, see footnote 1. We do not believe that said discretion was abused.

█ Lastly, the lower court did not abuse its discretion in refusing to grant the untimely request to summon the Municipal Judge of Toa Alta to impeach the credibility of the minor's mother, on the ground that the mother had testified differently before said judge. The clerk of the municipal court testified on the same points as to which the judge might have testified and she, as well as the judge, were present at the trial and both heard the witness. This notwithstanding, the judge of the lower court believed said witness.

The judgment will be affirmed.